NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2020[*]
Decided June 5, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2485

| | |
|---|---|
| ROLAND PRICE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 15-cv-774-pp |
| | |
| PHILLIP FRIEDRICH, | Pamela Pepper, |
| *Defendant-Appellee.* | *Chief Judge.* |

## O R D E R

Roland Price, a Wisconsin prisoner, believes that prison officials denied him access to the courts when they seized his legal materials in retaliation for grievances he filed against a correctional officer. The district court entered summary judgment against him, concluding that he did not exhaust administrative remedies regarding his

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

retaliation claim and that he had not shown prejudice regarding his claim of denial of access to the courts. We affirm.

This case arises from Price's time in restrictive housing at the Wisconsin Secure Program Facility where Phillip Friedrich, the defendant, was a property officer responsible for managing confiscated property. Price had been placed in restrictive housing, and his property inventoried, while being investigated on charges that he was paid for helping another inmate with legal work. Price's property was inventoried twice—on the day before he went into the restrictive unit and the day after—and Price signed both inventory forms to ensure that all his property was accounted for. He was allowed to keep one box of legal materials with him in restrictive housing. He later was found guilty of the charges.

After Price served his time in restrictive housing, Friedrich and another officer sorted and inventoried his property. Price was allowed to keep his legal materials, but Friedrich confiscated other property that was covered in tape (in violation of prison rules) or in excess of allowed limits (i.e., too many pairs of clothing or too many photographs). Friedrich listed all confiscated items on a property receipt form, which Price signed. This confiscated property was then put in the property room while Price determined what he wanted to do with it.

During the next month, Price filed five grievances about his confiscated property. He complained that certain items should not have been confiscated (i.e., his Bible and handmade rosary), that he was missing legal transcripts, and that Friedrich was going to destroy some items before Price could exhaust administrative remedies.

The institution's complaint examiner then contacted Friedrich, who said that he searched the property room but did not find Price's legal materials. Friedrich denied taking any legal materials and maintained that he had confiscated only property listed on the form Price had signed.

Over the next couple months, Price sought to arrange to send the confiscated items to his mother before they would be destroyed. At Price's request Friedrich tried to mail the property to Price's mother, but Friedrich mislabeled her address and the property was returned to the prison. By this time Price did not have enough money to send the items to her. A little over a month later, Friedrich determined that there was not enough room to store Price's property indefinitely and ordered it destroyed.

Nearly four years later, Price brought this civil-rights suit against Friedrich. The district court screened the complaint, *see* 28 U.S.C. § 1915A(a), and permitted him to proceed on two claims: first, that Friedrich had seized his legal property in retaliation for grievances he had filed against one of Friedrich's fellow officers; and, second, that Friedrich had denied him access to the courts by depriving him of the legal transcripts that he needed to appeal his criminal case in Wisconsin state court and to timely petition the state trial court for a writ of certiorari to contest the dismissal of his grievance about the prison disciplinary decision.

The judge granted Friedrich's partial motion for summary judgment based on the affirmative defense that Price had not exhausted administrative remedies with regard to his retaliation claim. The judge determined that none of Price's grievances alerted the prison to Price's belief that his legal materials were destroyed in retaliation for grievances he had filed against Friedrich's colleague. The judge noted Price's statements in two grievance *appeals* that Friedrich had taken his legal materials as "retribution" and that Price was being "abuse[d] for filing complaints." However, the judge explained that Price did not "clearly identify the issue[s]" in his underlying grievances as required by section 310.09(1)(e) of the Wisconsin Administrative Code, WIS. ADMIN. CODE DOC § 310.09(1)(e) (2010), so the complaint examiner had no opportunity to investigate and determine the facts of his retaliation claim.

The judge then granted Friedrich's motion for summary judgment on Price's claim of denial of access to the court. She determined that no reasonable jury could conclude that the loss of any of these legal materials—even if Friedrich had taken and destroyed them—prevented Price from proceeding in his court cases. Importantly, Price had not explained how the allegedly missing legal transcripts would have changed the outcome of either challenge.

Regarding his retaliation claim, on appeal Price asserts that the judge held him to a "heightened pleading standard" because "retaliation is not a factual detail; rather it is a legal theory or conclusion." But for purposes of exhaustion, the Prison Litigation Reform Act requires prisoners to provide a prison with "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020) (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007). As the judge here appropriately concluded, Price failed to apprise the complaint examiner of his claim by first mentioning it in any of his underlying grievances.

Price next argues in response to the court's ruling that he was prejudiced in two ways with respect to his access-to-courts claim. First, he argues that the loss of his legal

materials prevented him from being able to file effective briefs or conduct legal research. But Price has not identified how he was specifically prejudiced with respect to his criminal case by, for instance, missing court deadlines or failing to make timely filings. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Second, Price argues that the loss of his legal materials caused him to miss the deadline to file his state-court petition for a writ of certiorari. But these were not the same legal materials that he alleged Friedrich to have confiscated (indeed, he says that key documents—including the Department of Corrections' final decision—had been withheld by the prison's mailroom). Because he does not suggest what role (if any) Friedrich played in this alleged withholding, no liability may arise under 42 U.S.C. § 1983 without Friedrich's personal involvement. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019).

We have considered Price's other arguments and none has merit.

AFFIRMED